IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TIFFANY KNIGHT MAYS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:12-cv-00068-SWW |
| | * | |
| | * | |
| | * | |
| RYAN CHASE GORE and | * | |
| BANK OF ENGLAND d/b/a | * | |
| ENG LENDING, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff Tiffany Knight Mays (Mays) brings this action against Ryan Chase Gore (Gore) and his employer, Bank of England d/b/a ENG Lending (ENG), alleging negligent hiring, retention, and supervision of Gore, fraud, violations of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101 *et. seq.*, and violations of the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679 *et seq.*, with respect to a home loan she states she received from ENG Lending. This action was originally filed in the Circuit Court of Pulaski County, Arkansas, but was removed to this Court by ENG (and consented to by Gore) on February 1, 2012, after Mays amended her complaint to include a CROA claim.

The following motions are before the Court: (1) ENG's motion to dismiss Mays's fourth amended complaint [doc.#22]; and (2) Mays's amended and substituted motion to remand [doc.#25]. Mays has responded in opposition to ENG's motion to dismiss, ENG has filed a reply to Mays's response, and ENG has responded in opposition to Mays's amended and substituted motion to remand. Having considered the matter, the Court grants ENG's motion to dismiss

Mays's fourth amended complaint as to her CROA claim only and grants Mays's amended and substituted motion to remand.[1]

I.

According to Mays's fourth amended complaint [doc.#14], ENG is an Arkansas Banking institution (which ENG admits) and Gore was a mortgage loan officer with ENG. Mays essentially alleges that ENG directly or indirectly controlled Gore and that ENG is thus vicariously liable for Gore's alleged violation of the CROA because he purportedly made certain false statements to Mays and accepted monies from her concerning credit repair services in her attempt to obtain a home loan.

In addition to moving to dismiss Mays's state law claims, ENG moves to dismiss Mays's CROA claim on grounds, *inter alia*, that the CROA excludes state banks such as ENG from its purview and that even if ENG falls under the purview of the CROA, Mays fails to properly assert a violation of the CROA.

The term "credit repair organization" under the CROA--

(A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of--

    (i) improving any consumer's credit record, credit history, or credit rating; or

    (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and

(B) does not include--

---

[1] Mays's initial motion to remand [doc.#18] is denied as moot.

> (i) any nonprofit organization which is exempt from taxation under section 501(c)(3) of Title 26;
>
> (ii) any creditor (as defined in section 1602 of this title), with respect to any consumer, to the extent the creditor is assisting the consumer to restructure any debt owed by the consumer to the creditor; or
>
> (iii) any depository institution (as that term is defined in section 1813 of Title 12) or any Federal or State credit union (as those terms are defined in section 1752 of Title 12), or any affiliate or subsidiary of such a depository institution or credit union.

15 U.S.C. § 1679a(3).

The CROA prohibits a person as defined under the CROA from the following:

(a) In general

No person may--

> (1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--
>
>> (A) any consumer reporting agency (as defined in section 1681a(f) of this title); or
>>
>> (B) any person--
>>
>>> (i) who has extended credit to the consumer; or
>>>
>>> (ii) to whom the consumer has applied or is applying for an extension of credit;
>
> (2) make any statement, or counsel or advise any consumer to make any statement, the intended effect of which is to alter the consumer's identification to prevent the display of the consumer's credit record, history, or rating for the purpose of concealing adverse information that is accurate and not obsolete to--

        (A) any consumer reporting agency;

        (B) any person–

            (i) who has extended credit to the consumer; or

            (ii) to whom the consumer has applied or is applying for an extension of credit;

(3) make or use any untrue or misleading representation of the services of the credit repair organization; or

(4) engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b.

     Mays does not address ENG's argument that the CROA does not apply to state banks such as ENG, see 15 U.S.C. § 1679a(3)(B)(iii) (adopting the definition of a depository institution set forth in 12 U.S.C. § 1813, which includes state banks), and she does not specifically address ENG's alternative argument that she fails to make any allegations against either defendant regarding use of an instrumentality of interstate commerce or the mails to sell, provide, or perform any credit repair service to Mays, fails to make allegations as to false statements made by Gore to a consumer reporting agency, or a person that extended credit to Mays, or to a person that Mays had applied for credit, and fails to allege any violation in connection with credit repair disclosures and contracts.  The Court agrees that the CROA does not apply to ENG and notes further that Mays has not alleged that either named defendant is a credit repair organization.  Cf. *Moret v. Select Portfolio Servicing, Inc.*, No. 08-61996-CIV, 2009 WL 1288062, at *3 (S.D.Fla.

May 6, 2009) (noting that "Plaintiffs have not alleged that either named Defendant is a credit repair organization" and concluding that Plaintiffs failed to state a claim upon which relief can be granted under the CROA where Plaintiff's amended complaint "nowhere alleges any involvement or connection to a credit repair organization"). Mays simply has failed to plead enough facts on her CROA claim against either defendant to state a claim to relief that is plausible on its face, see *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007),[2] and the Court accordingly grants ENG's motion to dismiss Mays's CROA claim against ENG and *sua sponte* dismisses her CROA claim against Gore.[3]

II.

In her amended and substituted motion to remand, Mays asks that the sole federal claim in her fourth amended complaint be retained by this Court and that the remaining state law claims be severed and remanded to state court. However, the sole federal claim has now been dismissed and it is within this Court's discretion to exercise supplemental jurisdiction after

---

[2] In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. 556 U.S. 662, 129 S.Ct. at 1949. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

[3] It is not clear why counsel for Gore has not filed his own motion to dismiss or at least joined in ENG's motion.

dismissal of the federal claim. See *Quinn v. Ocwen Fed. Bank FSB,* 470 F.3d 1240, 1249 (8th Cir.2006). Having considered factors such as judicial economy, convenience, fairness and comity in regard to the exercise of supplemental jurisdiction over pendent state law claims, see *id*., the Court determines that remand of Mays's state law claims is appropriate. See *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

IT IS THEREFORE ORDERED that ENG's motion to dismiss is granted as to Mays's CROA claim only and that Mays's CROA claim against Gore is *sua sponte* dismissed.

IT IS FURTHER ORDERED that the Clerk of Court remand this action to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 13th day of March 2012

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE